# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| MIKE WEST, | CV 12-160-M-DLC-JCL |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| vs. | |
| STATE OF MONTANA, MISSOULA COUNTY, UNITED STATES OF AMERICA, U.S. BORDER PATROL STATION, MISSOULA COUNTY ATTORNEY, WESTERN MONTANA MENTAL HEALTH CENTER, BRUCE WOLD, and RONALD P. BAPTISTE, | |
| Defendants. | |

_____

## I. INTRODUCTION AND IN FORMA PAUPERIS APPLICATION

Plaintiff Mike West filed a complaint in this matter, together with his Motion to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a)(1).

A court may grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that

the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether West's pleading has merit, or whether it is frivolous and subject to dismissal.

## II. PLAINTIFF'S ALLEGATIONS

West filed an Amended Complaint on October 5, 2012. His entire pleading describes numerous bizarre incidents, and interactions with other individuals at various times in his life which he believes all occurred for the purpose of causing him to be homosexual. He believes certain people have committed acts or engaged in conduct which forces him to be homosexual. West apparently seeks relief from this Court to restore his normal sexual function.

## III. DISCUSSION

Because West is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See*

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In considering West's in forma pauperis request, the Court has authority to deny the request if the plaintiff's proposed complaint is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in determining whether a complaint is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a totally incomprehensible claim or complaint is without an arguable basis in law. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without

3

question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority, the Court finds that West's allegations are "frivolous" as that term is defined above. West's pleading presents fanciful, delusional, or fantastic claims about incidents he believes occurred to force him to be homosexual. His allegations contain irrational and wholly incredible claims. He presents no plausible underlying factual basis for his conclusory factual assertion that certain people are forcing him to be homosexual. His allegations appear to be based only on his delusional perception of events which have occurred in his life.

For the reasons discussed above, the Court concludes West's pleading is fanciful, delusional and frivolous, and could not possibly be cured by the allegation of other facts. Therefore, IT IS HEREBY RECOMMENDED that

West's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action should be DISMISSED.[1]

DATED this 18th day of October, 2012.

                                                     /s/ Jeremiah C. Lynch
                                                     Jeremiah C. Lynch
                                                     United States Magistrate Judge

---

[1] For the record, the Court notes that West, formerly known as Michael Baptiste, is somewhat of a frequent filer in this Court. For a period of time, West was subject to a civil commitment imposed by a Montana State District Court for mental health reasons, and West filed five separate actions in this Court challenging the validity of that civil commitment. Those cases were: *Baptiste v. State of Montana*, CV 06-122-M-DWM-JCL; *Baptiste v. State of Montana*, CV 06-123-M-DWM-JCL; *West v. State of Montana*, CV 09-86-M-DWM; *West v. State of Montana*, CV 10-10-M-DWM-JCL; and *West v. State of Montana*, CV 10-60-M-DWM. All of these cases were dismissed either on abstention grounds pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or because West's claims were barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994), or because West had failed to exhaust his state court remedies prior to seeking habeas corpus relief in this Court as required under 28 U.S.C. § 2254. West has also prosecuted two other cases which were dismissed either as frivolous, or for failure to state a claim for relief: *Baptiste v. Montana State Hospital*, CV 96-24-H-CCL; and *Baptiste v. (unnamed defendants)*, CV 06-106-M-DWM-JCL. West currently has another case pending challenging an individual defendant's conduct in requiring West to take certain medication while he was subject to the referenced civil commitment. That case, however, has not yet proceeded to a disposition. *See West v. Elrod*, CV 11-129-M-DWM-JCL. The recommended dismissal of the instant action as frivolous, however, raises the specter of concern that West has become a vexatious litigant who should be barred from filing further actions in this Court without prior approval of the Court. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).